Shoffner plan

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-23194 JAD |
| | ) | |
| CHRISTOPHER C. SHOFFNER, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

## PLAN OF REORGANIZATION

(filed September 6, 2019)

TO ALL PARTIES IN INTEREST OF CHRISTOPHER C. SHOFFNER, DEBTOR HEREIN.

WHEREAS, this is an Plan of Reorganization ("Plan") which was filed by the Debtor, Christopher C. Shoffner ("Debtor"), on September 6, 2019;

WHEREAS, Debtor filed a petition for relief under chapter 13 on August 8, 2017;

WHEREAS, Debtor's chapter 13 was converted to a chapter 11 on January 9, 2019;

WHEREAS, such reorganization under this Plan will tend to rehabilitate the financial status of the Debtor and will be in the best interest of his creditors.

NOW THEREFORE, Debtor proposes in compliance with 11 U.S.C. §1121, et a seq. the following Plan which is comprised the following sections:

    Section   I  -  Definitions
    Section   II  -  Summary of Classification of Claims and Interests
    Section   III  -  Classification of Claims and Interests
    Section   VI  -  Treatment of Unimpaired Claims and Interests
    Section   V  -  Treatment of Impaired Claims
    Section   VI  -  Miscellaneous Provisions

# I. Definitions

The following terms, when used in this Plan of Reorganization, will, unless the context otherwise indicates, have the following meanings, respectively:

1.01 **"Administrative Expense Claim"** means any right to payment constituting a cost or expense of administration of the Chapter 11 case allowed under Section 503(b) and 507(a)(1) of the Code.

1.02 **"Allowed Claim"** means a claim to the extent such claim is either (a) scheduled by the Debtor on its Schedules D, E, or F, not listed as contingent, unliquidated or disputed or (b) as otherwise been allowed by a final order or pursuant to the Plan.

1.03 **"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of Pennsylvania.

1.04 **"Code"** means Title 11 of the United States Code, 11 U.S.C §101,et seq. as amended.

1.05 **"Claim"** has the meaning set forth in Section 101 of the Bankruptcy Code.

1.06 **"Class"** shall have the mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. Sec. 1122 of the Code, each such Class being more fully defined in the Plan.

1.07 **"Debtor**" means Christopher C. Shoffner.

1.08 **"Debtor's Assets** or **"Debtor's Property"** means all assets of the Debtor including both real and personal property.

1.09 **"Disclosure Statement"** means the Disclosure Statement related to the Plan and approved by the Court.

1.10 **"Disputed"** means that portion or all of a claim that is not an allowed claim.

1.11 **"Exempt Property"** means the Debtor's Assets which were exempted.

1.12 **"Final Court Approval"** means when all appeals relating to an Order entered by the Court are finally resolved.

1.13 **"General Unsecured Claim"** means a claim that it not an Administrative, Priority, or Secured Claim.

1.14 **"Lien"** has the meaning set forth in Section 101 of the Bankruptcy Code.

1.15 **"Personal Property"** shall mean all the Debtor's personal property listed on his Schedule B.

1.16 **"Plan"** means this Plan of Reorganization filed on Sept. 6, 2019 and any modifications and amendments.

1.17 **"Plan Confirmation Date"** means the date the order confirming the Plan becomes final and non-appealable.

1.18 **"PCD"** means the Plan Confirmation Date.

1.19 **"Plan Distribution Date"** means the 90th day after the Plan Confirmation Date.

1.20 **"Plan Effective Date**" or **"PED"** means the 15th day after the Plan Confirmation Date.

1.21 **"Plan Confirmation"** means the day an order is entered confirming the Plan unless an appeal is filed. In that event the Plan Confirmation shall mean the Plan Confirmation Date.

1.22 **"Priority Claim"** means non-administrative priority claims under section 507(a) of the Code.

1.23 **"Secured Claim"** means any claim that is secured by a valid lien on the Debtor's property.

1.24 **"Residence"** means the Debtor's residence located at 1969 Mount Morris Road, Waynesburg, PA 15370

## Section II.  Summary of Classification of Claims and Interests

2.01   Class  1 - First Guaranty Mortgage Corporation secured claim [Un-impaired].
2.02   Class  2 - CNH Industrial Capital America LLC secured claim [Impaired]
2.03   Class  3 - Wells Fargo Bank, NA d/b/a WFBDS secured claim [Impaired].
2.04   Class  4 - Branch Banking and Trust Company secured claim [Impaired].
2.05   Class  5 - Community Bank secured claim [Impaired].
2.06   Class  6 - Marine1 Acceptance secured claim [Impaired].
2.06   Class  7 - Internal Revenue Service secured claim [Impaired].
2.07   Class  8 - Administrative claims (Un-impaired)
2.08   Class  9 - Internal Revenue Service priority claim [Impaired].
2.09   Class 10 - Penna. Dept. of Revenue priority claim [Impaired].
2.10   Class 11 - Whitley Twp. and Green School District priority claim (Impaired).
2.11   Class 12 - Non-priority unsecured claims. [Impaired]
2.12   Class 13 - Equity security interests. [Unimpaired]

## Section III. Classification of Claims and Interests

3.01   **CLASS 1** -  The secured claim of **First Guaranty Mortgage Corporation ("FGMC")** as serviced by Rushmore Loan Management Services and as set forth in proof of claim no. 15 which is secured by a mortgage against the Residence to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.02   **CLASS 2** -  The secured claim of  **CNH Industrial Capital America LLC** as set forth in proof of claim no. 2-2 as of the Plan Confirmation Date which is secured by a security interest in Debtor's T4.65 NEWHOL 15 T4 tractor ZFAH03183 to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.03   **CLASS 3** - The secured claim of  **Wells Fargo Bank, NA d/b/a Wells Fargo Bank Dealer Services** as set forth in proof of claim no. 9 as of the Plan Confirmation Date which is secured by a security interest in Debtor's 2015 Ford Truck F250 Super Duty to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.04   **CLASS 4** -  The secured claim of  **Branch Banking and Trust Company** as set forth in proof of claim no. 4 as of the Plan Confirmation Date which is secured by a security interest

in Debtor's 2015 Ford (1FT8W3DT5FEB02946  PA Title Number: 74187463) to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.05    **CLASS 5** -  The secured claim of  **Community Bank** as set forth in proof of claim no. 1 as of the Plan Confirmation Date which is secured by a security interest in Debtor's 2007 Ford Explorer to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.06    **CLASS 6** -  The secured claim of  **Marine One Acceptance Corporation** as set forth in proof of claim no. 8 as of the Plan Confirmation Date which is secured by a security interest in Debtor's 2016 Lakota horse trailer to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.07    **CLASS 7** - The secured claim of the **Internal Revenue Service** ("IRS") against Debtor's Assets which arises from a tax lien filed in Green County, Pennsylvania on or about June 12, 2017 at FTL 201-2017 to the extent that such claim is an allowed, non-voidable, and unavoidable secured claim under the Code.

3.08    **CLASS 8 - Administrative Claims:** All claims for administrative expenses by Debtor's counsel, **Gary W. Short,** Debtor's chapter 13 counsel, **Scott Lowden**, the **Office of the United States Trustee**, the **Clerk's Office of the Bankruptcy Court**, and any other claimants whose claims are allowed under section 503 of the Code and entitled to priority under §507(a) of the Code.

3.09    **CLASS 9 -** Priority tax claims of the **Internal Revenue Service** to the extent such claims are allowed priority claims under Section 508(a)(8) of the Code.

3.10    **CLASS 10 -** Priority tax claims of the **Pennsylvania Department of Revenue** to the extent such claims are allowed priority claims under the Section 508(a)(8) of the Code.

3.11    **CLASS 11 -** Priority tax claims of the **Whitley Township and Green School District** to the extent such claims are allowed priority claims under the Section 508(a)(8) of the Code.

3.12    **CLASS 12** -  All *allowed* **non-priority unsecured claims** under the Code.

3.13    **CLASS 13**- All **equity security interests** of the Debtor in Debtor's Assets.

## Section IV.  Treatment of Unimpaired Claims and Interests

4.01    All claims against or interests in the Debtor are impaired under the Plan with the exception of the Classes 1, 8, and 13.

4.02    **CLASS** 1- The Class 1 claim of **First Guaranty Mortgage Corporation** (**"FGMC"**) shall be paid as follows:

a.    All terms of the FGMC loan agreement ("FGMC Agreement") shall remain in full force and effect with the exception that Debtor shall pursuant to 11 U.S.C. Sec. 1124 cure any loan default which exists as of Plan Confirmation by not later than plan month 24 from the sale of the Residence.

b.    FGMC shall retain the lien which secures its Class 1 claim and be paid the regular monthly mortgage payment due under the FGMC Agreement beginning on the first monthly payment due date after the entry of an order confirming the Plan in accordance the terms of the FGMC Agreement.

4.03    **Class 8 Administrative Claims**: All claims for administrative expenses by Debtor' counsel, **Gary W. Short,** Debtor's chapter 13 counsel**, Scott Lowden**, the **Office of the United States Trustee**, the **Clerk's Office of the Bankruptcy Court**, and other claimants whose claims are allowed under section 503 of the Code and entitled to priority under §507(a) of the Code are not classified under the Plan and shall be paid by the Plan Effective Date unless such claimant agrees in writing to a deferred payment term.

4.04    **CLASS 13** - Debtor shall retain his equity security interests in his property.

## Section  V. Treatment of Impaired Claims

5.01    **CLASS 2** -   **CNH Industrial Capital America LLC** shall retain the lien which secures its Class 2 claim as of the Plan Confirmation Date and be paid 100% of such claim with interest at 3.5% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

5.02    **CLASS 3** -  **Wells Fargo Bank, NA d/b/a Wells Fargo Bank Dealer Services** (**"WFBDS"**) shall retain the lien which secures its Class 3 claim and be paid 100% of such claim as of the as of the Plan Confirmation Date with interest at 3.99% in 72 consecutive monthly payments of commencing on the Plan Effective Date.  Debtor intends to sell the WFBDS collateral

within sixty days after the Plan Confirmation Date and pay the Class 3 claim in full.

    5.03    **CLASS 4** - **Branch Banking and Trust Company** (**"BB&T"**) shall retain the lien which secures its Class 4 claim and be paid 100% of such claim as of the Plan Confirmation Date with interest at 3.99% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

    5.04    **CLASS 5** - **Community Bank** shall retain the lien which secures its Class 5 claim and be paid 100% of such claim as of the Plan Confirmation Date with interest at 4.45% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

    5.05    **CLASS 6** - **Marine One Acceptance Corporation** shall retain the lien which secures its Class 6 claim and be paid 100% of such claim within 60 days after the Plan Effective Date with interest at 5.0% from the sale of its collateral, a 2016 Lakota horse trailer.

    5.06    **CLASS 7** - The **Internal Revenue Service** shall retain the lien which secures its Class 7 claim and be paid a 100% of such claim with interest of 6% per annum in 72 equal consecutive monthly payments commencing on the Plan Effective Date; provided, however, the net proceeds from the sale of the 2016 Lakota horse trailer after the payment of Marine One Acceptance Corporation lien shall be paid to the IRS. The balance of the IRS's Class 7 claim shall be paid in full from the sale of the Residence which shall occur within 24 months after the Plan Effective Date.

    5.07    **CLASS 9** - The **Internal Revenue Service** shall be paid 100% of its Class 9 priority claim with interest at the IRS interest rate applicable to Chapter 11 plans and in effect on the date the plan is confirmed in 72 equal consecutive monthly payments commencing on the Plan Effective Date.

    5.08    **CLASS 10** - The **Pennsylvania Department of Revenue** shall be paid 100% of its Class 9 priority claim with interest at 5% per annum in 60 equal consecutive monthly payments commencing on the Plan Effective Date.

    5.09    **CLASS 11** - Whitley Township and Green School District shall be paid 100% of their respective Class 11 claims with interest at 4% per annum in 60 equal consecutive monthly payments commencing on the Plan Effective Date.

5.09    **CLASS 12** - Holders of Class 12 general unsecured claims shall be paid 35% of such claim on the Plan Distribution Date in full satisfaction of such claim provided Debtor has adequate resources on such date to complete payment. If not, Class 12 claim holders will be paid 100% of their Class 12 claims without interest in 28 quarterly payments commencing 90 days after the Plan Confirmation.  The first 24 quarterly payments shall be in the amount of 2% of such claims. The final 4 quarterly payment shall be in the amount 13% of such claims. The first quarterly payment if applicable will accompanied with a notice that the 100% payment treatment for Class 12 is in effect.

## Section VI - Miscellaneous Provisions

6.01    *Plan Implementation*: The Plan will be funded from five sources:

a.    Debtor's cash reserves;
b.    Debtor's future earnings;
c.    Sale of Debtor's 2015 Ford 250 within 60 days after the Plan Confirmation Date;
d.    Sale of the Residence within 24 months after the Plan Effective date; and
e.    Sale of 2016 Lakota horse trailer within 60 days after the Plan Effective Date.

6.02    *Personalty Property Sales*: Debtor plans to sell his 2016 Lakota horse trailer ("Trailer") and a 2015 Ford F250 within 60 days after the Plan Effective Date. Confirmation of the plan shall constitute Court approval of the sales without further Court approval. The net proceeds from the sale of the Trailer will be used in part to pay off the lien of Marine One Acceptance Corporation and the balance shall be paid to the Internal Revenue Service.     The net proceeds from the sale of the 2015 Ford F250 will be used in part to pay off the lien of Wells Fargo Bank d/b/a Wells Fargo Dealer Services on the truck.

6.03    *Contingent, Disputed, or Unliquidated Claims:* In the event that the claim of any creditor is contingent, unliquidated, or subject to a dispute on the Plan Confirmation Date, the Debtor and Creditor may, in their sole discretion, request the Court to estimate for the purpose of allowance under Section 502 of the Code, as soon as practicable after the Plan Confirmation Date, (a) any disputed, contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay administration of this Chapter 11 case, and (b) any right to payment arising from the right to an equitable remedy for breach of performance. Any holder of a disputed, unliquidated, or contingent claim, who has not sought the right to vote an estimated amount prior to the hearing on confirmation of the Plan shall not be entitled to vote on the Plan.

6.04.   *Final Decree*: Promptly after the Plan is substantially consummated, Debtor shall file a motion for entry of a final decree to close the Debtor' chapter 11 proceeding subject to the Court retaining jurisdiction as set forth in paragraph 6.05.

6.05   *Retention of Jurisdiction*: The Bankruptcy Court shall retain jurisdiction of this case after the Plan Effective Date for the purposes set forth in 11 U.S.C.§§506, 524, 1127(b)(c)(d)(e), 1141, 1142, 1143, and 1146 and to (a) determine the allowability, avoidability, and voidability of any claim or interest that arose prior to the Plan Effective Date, (b) fix allowance of compensation or other administrative expenses, whenever and however arising, (c) enforce the payment of all administrative expenses, (d) rule on any motion or complaint, whether filed prior or subsequent to the Plan Effective Date, (e) enter a final decree, (f) adjudicated any motion filed by the Debtor to re-open the case to enforce the terms of the Plan or to obtain a discharge, and (g) to approve amendments to the Plan.

6.06   *Non-Impairment by Agreement*: Debtor and any claimant may enter into a stipulation to modify the contract upon which such claim is based to (a) remove all defaults which may exist under the contract as of confirmation of the Plan, (b) have the claim deemed current, and (c) pay the claim according to the modified contract and state law and not under the Plan.

6.07   *Present Value Determinations*: In the event the Court rules that any proposed interest rate under the Plan for any class does not satisfy the Code's requirements, then the applicable interest rate for such class shall be such rate which is approved by the Court.

6.08   *Executory Contracts and Unexpired Leases* - All pre-petition executory contracts and unexpired leases of the Debtor shall be deemed rejected as of the Plan Effective Date unless an application to assume any such contract or lease is filed by the Debtor prior to the Plan Effective Date.

6.09   *Section 1129(a)(5) Disclosure* - The identity and affiliation of the only individual who is to serve, after confirmation of the Plan, as director, officer, or a voting trustee of the Debtor, and affiliates of the Debtor participating in the joint plan with the Debtor, or successor to the Debtor under the Plan is Christopher C. Shoffner. The only insiders who will be employed or retained by the reorganized Debtor is the Christopher C. Shoffner.  Debtor's projected income for 2020 is $284,000.

6.10 *Remedy for Defects, Omissions, and Conflicts in Plan* - Debtor may remedy any defect or omission, or reconcile any inconsistencies in the Plan ("Remedies"), with approval of the Court, and so long as it does not materially or adversely affect the interests of the creditors in such a manner and as may be necessary to carry out the purposes, intent, and effect of the Plan. Prior to the entry of a plan confirmation order Remedies may be set forth in the order confirming the Plan. After the entry of a confirmation order, Remedies shall become binding on the entry of an order approving the Remedies.

6.11 *Title to Property* - Upon the entry of a final decree, all assets of the Debtor shall be re-vested in the Debtor subject only to the outstanding liens which are not avoided by the Debtor.

6.12 *Pre-Payment Right* - Debtor reserve the right at any time to prepay any payment obligation under the Plan.

6.13 *Right to Cure*: If Debtor defaults on any obligation under the Plan, any such creditor aggrieved by such default is enjoined from commencing any action against the Debtor or the Debtor's property on account of such default until such creditor provides written notice of the nature of such default by certified mail to the Debtor and by ordinary mail to Debtor's bankruptcy counsel, Gary W. Short, at 212 Windgap Road, Pittsburgh, PA 15237. Debtor shall have the right to cure any default on any plan obligation within fifteen (15) days of the receipt of the notice of default by Debtor and Gary W. Short. This paragraph shall not apply to Class 1. The right to cure a plan default as to Class 1 shall be controlled by the applicable loan agreement and state law.

6.14 *Post-Confirmation Injunction:* The provisions of the Plan as confirmed bind the Debtor, any entity acquiring property under the Plan, and any creditor, whether or not they accepted the plan or their claim is impaired under the Plan. All claimants are enjoined from filing liens against the Debtor's Assets for any claim which exists as of the Plan Confirmation Date with the exception of any lien obtained after the entry of a final decree as a result of uncured Plan default. In any creditor violates the terms of the Plan, Debtor may file a motion to enforce the terms of the Plan and seek sanctions against such claimant as the Court may deem appropriate.

6.15 *Plan Distribution Address* - The address to be used for plan distributions to any holder of an allowed claim against the Debtor shall be the address listed by such creditor on its proof of claim filed with the Court. Absent a proof of claim, Debtor shall use the address listed for such creditor on the Debtor' Schedules of Liabilities unless any such claimant provides notice of a

different payment address. In that event the payment address provided by claimant will be used for plan distributions.

        Debtor

        /s/ Christopher C. Shoffner
        Christopher C. Shoffner

        /s/ Gary W. Short
        Gary W. Short, Esquire   (PA Bar I.D. No. 36794)
        212 Windgap Road, Pittsburgh, PA 15237
        Tele. (412) 765-0100 / Fax (412) 536-3977
        E-mail garyshortlegal@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 17-23194 JAD** |
| | ) | |
| **CHRISTOPHER C. SHOFFNER,** | ) | **CHAPTER 11** |
| | ) | |
| **Debtor.** | ) | |

**CERTIFICATE OF SERVICE**

    I, Gary W. Short, Esquire, do hereby certify that on September 6, 2019, true and correct copies of the Debtor's Chapter 11 Plan of Reorganization, Disclosure Statement, and Plan Summary were served by first class U.S. Mail, postage prepaid, on the parties listed below:

Office of the U. S. Trustee
Suite 970
1001 Liberty Avenue
Pittsburgh PA 15222

Christopher C. Shoffner
516 State Route 94S
Fredon NJ 07860

        /s/ Gary W. Short
        Gary W. Short, Esquire  (PA Bar I.D. No. 36794)
        Counsel for the Debtor
        212 Windgap Road, Pittsburgh, PA 15237
        Tele. (412) 765-0100 / Fax (412) 536-3977
        E-mail garyshortlegal@gmail.com