Shoffner DS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-23194 JAD |
| | ) | |
| **CHRISTOPHER C. SHOFFNER,** | ) | CHAPTER 11 |
| | ) | |
| **Debtor.** | ) | |

**DISCLOSURE STATEMENT TO ACCOMPANY PLAN
OF REORGANIZATION DATED SEPTEMBER 6, 2019**

## Section 1 - Executive Summary of Plan

**Reasons for Chapter 11**

Debtor is self-employed gas well installation supervisor. He is currently contracted to Newtech Engineering Energy, Inc. Due a drop in natural gas prices in 2016, his services were terminated. He was unemployed for approximately seven months. The unemployment period caused him to become delinquent on his secured debt payments and federal and state income tax payments which led to his bankruptcy filing.

**Plan Summary**

All secured creditors will retain their respective liens until paid in full. It is a 100% payment plan to all classes with the exception of Class 12 which will paid 35% on the Plan Distribution Date or 100% over 84 months. Payments begin on the 30th day after the entry of an order approving the plan provided appeals are filed. The following is a summary of the classification of claims and the treatment of these claims under the Plan.

**CLASS 1.** The Class 1 claim of **First Guaranty Mortgage Corporation ("FGMC")** shall be paid according to the FGMC loan agreement with the exception that any default on confirmation of the Plan shall be cured not later than plan month 24 from the sale of the Residence.

**CLASS 2. CNH Industrial Capital America LLC** shall be paid 100% of its claim with interest at 3.5% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

**CLASS 3. Wells Fargo Bank, NA d/b/a Wells Fargo Bank Dealer Services ("WFDS")** shall be paid 100% of its claim with interest at 3.99% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

**CLASS 4. Branch Banking and Trust Company** shall be paid 100% of its claim with interest at 3.99% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

**CLASS 5. Community Bank** shall be paid 100% of its claim with interest at 4.45% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

1

**CLASS 6. Marine One Acceptance Corporation** shall be paid 100% of its claim with interest at 5.00% within 60 days after the Plan Effective Date from the sale of Debtor's 2016 Lakota horse trailer.

**CLASS 7.** The **Internal Revenue Service** shall be paid 100% of it secured claim with interest of 6% per annum in 72 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 8. Administrative Claims**: All claims for administrative expenses shall be paid by the Plan Effective.

**CLASS 9.** The **Internal Revenue Service** shall be paid 100% of its priority claim with interest in 72 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 10.** The **Pennsylvania Department of Revenue** shall be paid 100% of its priority claim with interest at 6% in 60 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 11. Whitley Township and Green School District** shall be paid 100% of their respective priority claims with interest at 4% per annum in 60 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 12.** Holders of Class 12 **general unsecured claims** shall be paid 30% on the Plan Distribution Date in full satisfaction of such claim provided Debtor has adequate resources on such date to complete payment. If not Class 12 claim holders will be paid 100% without interest in 28 quarterly payments commencing 90 days after the Plan Confirmation. The first 24 quarterly payments shall be 2% of such claims. The final 4 quarterly payment shall be 13% of such claims.

**CLASS 13.** Debtor shall retain his equity security interests in his property.

## Section 2 - Definitions

The following terms, when used in this Plan of Reorganization, will, unless the context otherwise indicates, have the following meanings, respectively:

2.01   **"Administrative Expense Claim"** means any right to payment constituting a cost or expense of administration of the Chapter 11 case allowed under Section 503(b) and 507(a)(1) of the Code.

2.02   **"Allowed Claim"** means a claim to the extent such claim is either (a) scheduled by the Debtor on its Schedules D, E, or F, not listed as contingent, unliquidated or disputed or (b) as otherwise been allowed by a final order or pursuant to the Plan.

2.03   **"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of PA.

2.04   **"Code"** means Title 11 of the United States Code, 11 U.S.C §101,et seq. as amended.

2.05   **"Claim"** has the meaning set forth in Section 101 of the Bankruptcy Code.

2.06 **"Class"** shall have the mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. Sec. 1122 of the Code, each such Class being more fully defined in the Plan.

2.07 **"Debtor"** means Christopher C. Shoffner.

2.08 **"Debtor's Assets"** or **"Debtor's Property"** means all assets of the Debtor including both real and personal.

2.09 **"Disclosure Statement"** means the Disclosure Statement related to the Plan and approved by the Court.

2.10 **"Disputed"** means that portion or all of a claim that is not an allowed claim.

2.11 **"Exempt Property"** means the Debtor's Assets which were exempted.

2.12 **"Final Court Approval"** means when all appeals relating to an Order entered by the Court are finally resolved.

2.13 **"General Unsecured Claim"** means a claim that it not an Administrative, Priority, or Secured Claim.

2.14 **"Lien"** has the meaning set forth in Section 101 of the Bankruptcy Code.

2.15 **"Personal Property"** shall mean Debtor's personal property listed on his Schedule B.

2.16 **"Plan"** means this Plan of Reorganization filed on September 6, 2019 and any modifications and amendments thereto.

2.17 **"Plan Confirmation Date"** means the date the order confirming the Plan becomes final and non-appealable.

2.18 **"PCD"** means the Plan Confirmation Date.

2.19 **"Plan Distribution Date"** means the 90th day after the Plan Confirmation Date.

2.20 **"Plan Effective Date"** or **"PED"** means the 15th day after the Plan Confirmation Date.

2.21 **"Plan Confirmation"** means the day an order is entered confirming the Plan unless an appeal is filed. In that event the Plan Confirmation shall mean the Plan Confirmation Date.

2.22 **"Priority Claim"** means non-administrative priority claims under section 507(a) of the Code.

2.23 **"Secured Claim"** means any claim that is secured by a valid lien on the Debtor's property.

2.24 **"Residence"** means Debtor's residence at 1969 Mount Morris Rd. Waynesburg, PA 15370.

## Section 3 - Disclosures

Debtor Christopher C. Shoffner furnishes this disclosure statement to creditors in the above-captioned matter pursuant to Bankruptcy Code 11 U.S.C. §1125 to assist them in evaluating Debtors' proposed Chapter 11 plan. Creditors may vote for or against the plan of reorganization. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing the time for balloting. The Court will schedule a hearing on the Plan pursuant to 11 U.S.C. §1129.

Address for return of ballots:

**Gary W. Short, Esquire
212 Windgap Road
Pittsburgh, Pa 15237**

## Section 4 - Background

A. Name of Debtors: Christopher C. Shoffner

B. Type of Debtor: individual.

C. Debtor's Business or Employment: Debtor works a contractor for Newtech Engineering Energy, Inc.

D. Debtor's Petition Date: August 8, 2017. The case was converted to a Chapter 11 on January 9, 2019.

E. Events that Caused the Filing: Debtor is self-employed gas well installation supervisor. He is currently contracted to Newtech Engineering Energy, Inc. Due a drop in natural gas prices in 2016, his services were terminated. He was unemployed for approximately seven months. The unemployment period caused him to become delinquent on his secured debt payments and federal and state income tax deposits which led to his bankruptcy filing.

F. Anticipated Future of the Debtor and Source of this Information and Opinion: Debtor will continue work for Newtech Engineering Energy, Inc.. Source of opinion: Debtor.

G. Are All Monthly Operating Statements Current and on File With The Court? No _X_

H. Does the plan provide for release of non-debtor parties? No.

I. Identify all executory contracts that are to be assumed and/or assigned. None.

J. Has a bar date been set? Yes.

L. Specify property that will be transferred subject to 11 U.S.C. §1146: None.

# Section 5 - Plan Treatment Summary

## Summary of Significant Plan Terms as to How Each Class of Creditors or Interests Will Be Paid and What Liens Will Be Retained or Granted

**A. The Plan creates the following classification of claims and interests:**

Class  1 - First Guaranty Mortgage Corporation secured claim [Un-impaired].
Class  2 - CNH Industrial Capital America LLC secured claim [Impaired]
Class  3 - Wells Fargo Bank, NA d/b/a WFBDS secured claim [Impaired].
Class  4 - Branch Banking and Trust Company secured claim [Impaired].
Class  5 - Community Bank secured claim [Impaired].
Class  6 - Marine One Acceptance Corporation secured claim [Impaired].
Class  7 - Internal Revenue Service secured claim [Impaired].
Class  8 - Administrative claims (Un-impaired)
Class  9 - Internal Revenue Service priority claim [Impaired].
Class 10 - Penna. Dept. of Revenue priority claim [Impaired].
Class 11 - Whitley Twp. and Green School District priority claim (Impaired).
Class 12 - Non-priority unsecured claims. [Impaired]
Class 13 - Equity security interests. [Unimpaired]

**B. The Plan provides the following treatment of unimpaired claims and interests:**

All claims against or interests in the Debtor are impaired under the Plan with the exception of the Classes 1, 8 and 13.

**CLASS 1-** The Class 1 claim of **First Guaranty Mortgage Corporation ("FGMC")** shall be paid as follows: (a) all terms of the FGMC loan agreement ("FGMC Agreement") shall remain in full force and effect with the exception that Debtor shall pursuant to 11 U.S.C. Sec. 1124 cure any loan default which exists as of Plan Confirmation by not later than plan month 24 from the sale of the Residence; and (b) FGMC shall retain the lien which secures its Class 1 claim and be paid the regular monthly mortgage payment due under the FGMC Agreement beginning on the first monthly payment due date after the entry of an order confirming the Plan in accordance the terms of the FGMC Agreement.

**Class 8 Administrative Claims**: All claims for administrative expenses by Debtor' counsel, **Gary W. Short,** Debtor's chapter 13 counsel, **Scott Lowden,** the **Office of the United States Trustee,** the **Clerk's Office of the Bankruptcy Court,** and other claimants whose claims are allowed under section 503 of the Code and entitled to priority under §507(a) of the Code are not classified under the Plan and shall be paid by the Plan Effective Date unless such claimant agrees in writing to a deferred payment term.

**CLASS 13** - Debtor shall retain his equity security interests in his property.

**C. The Plan provides the following treatment of impaired claims:**

**CLASS 2 -  CNH Industrial Capital America LLC** shall retain the lien which secures its Class 2 claim as of the Plan Confirmation Date and be paid 100% of such claim with interest at 3.5% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

**CLASS 3 - Wells Fargo Bank, NA d/b/a Wells Fargo Bank Dealer Services ("WFDS")** shall retain the lien which secures its Class 3 claim and be paid 100% of such claim as of the as of the Plan Confirmation Date with interest at 3.99% in 72 consecutive monthly payments of commencing on the Plan Effective Date. Debtor intends to sell the WFDS collateral within sixty days after the Plan Confirmation Date and pay the Class 3 claim in full.

**CLASS 4 - Branch Banking and Trust Company ("BB&T")** shall retain the lien which secures its Class 4 claim and be paid 100% of such claim as of the Plan Confirmation Date with interest at 3.99% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

**CLASS 5 - Community Bank** shall retain the lien which secures its Class 5 claim and be paid 100% of such claim as of the Plan Confirmation Date with interest at 4.45% in 72 consecutive monthly payments of commencing on the Plan Effective Date.

**CLASS 6 - Marine One Acceptance Corporation** shall retain the lien which secures its Class 6 claim and be paid 100% of such claim within 60 days after the Plan Effective Date with interest at 5.0% from the sale of its collateral, a 2016 Lakota horse trailer.

**CLASS 7** - The **Internal Revenue Service** shall retain the lien  which secures its Class 6 claim and be paid a 100% with interest of 6% per annum in 72 equal consecutive monthly payments commencing on the Plan Effective Date; provided, however, the net proceeds from the sale of the 2016 Lakota horse trailer after the payment of secured claim of Marine One Acceptance Corporation shall be paid to the IRS. The balance of the IRS's Class 7 claim shall be paid in full from the sale of the Residence which shall occur within 24 months after the Plan Effective Date.

**CLASS 9** - The **Internal Revenue Service** shall be paid 100% of its Class 9 priority claim with interest at the IRS interest rate applicable to Chapter 11 plans and in effect on the date the plan is confirmed in 72 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 10** - The **Pennsylvania Department of Revenue** shall be paid 100% of its Class 10 priority claim with interest at 5% per annum in 60 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 11** - **Whitley Township** and **Green School District** shall be paid 100% of their respective Class 11 claims with interest at 4% per annum in 60 equal consecutive monthly payments commencing on the Plan Effective Date.

**CLASS 12** - Holders of Class 12 **general unsecured claims** shall be paid 35% of such claim on the Plan Distribution Date in full satisfaction of such claim provided Debtor has adequate resources on such date to complete payment. If not, Class 12 claim holders will be paid 100% without interest in 28 quarterly payments commencing 90 days after the Plan Confirmation. The first 24 quarterly payments shall be in the amount of 2% of such claims. The final 4 quarterly payment shall be in the amount 13% of such claims.

## Section 6 - Creditors

### A. Secured Claims

| Creditor (Class) | Collateral | Claim | Arrearage | D* L U | Lien Retained Yes No |
|---|---|---|---|---|---|
| First Guaranty Mort. Corp. (1) | Residence | 325,000 | 70,000 | L | Yes |
| CNH Ind. Capital of America (2) | 2016 New Holland Tractor | 23,000 | UKN | L | Yes |
| Wells Fargo Dealer Services (3) | 2015 Ford 250 | 21,188 | UKN | L | Yes |
| BB&T Bank (4) | 2015 Ford 350 | 25,864 | UKN | L | Yes |
| Community Bank (5) | 2007 Ford Explorer | 7,696 | UKN | L | Yes |
| Marine One Acceptance (6) | 2016 Lakota Horse Trailer | 40,528 | UKN | L | Yes |
| Internal Revenue Service (7) | All Property | 415,492 | 415,492 | L | Yes |
| Total | | 858,768 | | | |

* "D" means disputed, "L" means liquidated, "U" means unliquidated, and "UKN" means unknown.

### B. Priority Claims

| Creditor | Total Amount | Basis of Claim | Status |
|---|---|---|---|
| Gary W. Short | 30,000 | Professional fees (est.) | Liquidated |
| Scott Lowden | 5,357 | Professional fees | Liquidate |
| Office of the U. S. Trustee | 625 | Statutory fees (est.) | Liquidated |
| IRS | 415,492 | Income tax | Liquidated |
| PA Department of Revenue | 31,231 | Income tax | Liquidated |
| Whitley Twp / Green School District | 6,172 | Income tax | Liquidated |
| | 488,877 | | |

### C. Unsecured Claims

1. Amount Debtor Scheduled (Disputed and Undisputed)   12,877
2. Amount of Unscheduled Unsecured Claims*   85,552
3. Total Claims Scheduled or Filed   98,449
4. Amount Debtor Disputes (or corrected by proofs of claim)   0
5. Estimated Allowable Unsecured Claims   98,449

*Includes a.) unsecured claims filed by unscheduled creditors; b.) that portion of any unsecured claims filed by a scheduled creditor that exceeds the amount debtor scheduled; c.) any unsecured portion of any secured debt not previously scheduled; and d.) that portion of any secured claims filed or scheduled which the value of such claimant's collateral.

7

## Section 7 - Assets (values as of July 1, 2019)

| Assets | Value | Value Basis | Lien Holder, Claim, Lien Position* | Equity |
|---|---|---|---|---|
| Bank deposits | 24,882 | A | None. | 24,882 |
| Residence | 400,000 | D | FGMC (1) ($325,000) IRS (2) ($31,385) | 43,615 |
| 2015 Ford 350 | 20,000 | D | BB&T (1) ($25,864) ($31,385) | 0 |
| 2016 New Holland Tractor | 40,000 | D | CNH Capital (1) ($23,000) (2) IRS | 0 |
| 2007 Ford Explorer | 6,000 | D | Community Bank (1) ($7,697) | 0 |
| 2016 Lakota Horse Trailer | 68,000 | D | Marine 1 Accept. (1) ($40,528) (2) IRS | 27,422 |
| 2015 Ford 250 | 20,000 | D | Wells Fargo Deal. Ser. (1) ($21,188) | 0 |
| Household furnishing | 7,500 | D | IRS (1) ($31,385) | 7,500 |
| Electronics | 5,000 | D | IRS (1) ($31,385) | 5,000 |
| Firearms | 10,000 | D | IRS (1) ($31,385) | 10,000 |
| Clothing | 1,000 | D | IRS (1) ($31,385) | 1,000 |
| Jewelry | 5,500 | D | IRS (1) ($31,385) | 5,500 |
| Farm animals | 37,720 | D | IRS (1) ($31,385) | 37,720 |
| Farm equipment | 6,500 | D | IRS (1) ($31,385) | 6,500 |
| Subtotal | | | | 131,254 |
| Less Exemptions | | | | (39,025) |
| | | | | 92,229 |

* "A" means actual. "D" means Debtor's opinions.

A. Are any assets which appear on Schedule A or B of the petition not listed above? Yes. Debtor's 2016 Ford F-250 was totaled in an accident. TD Auto Finance LLC was paid in full from the insurance proceeds.

B. Are any assets listed above claimed as exempt? Yes. See Exhibit "A" (exemption list).

## Section 8 - Summary of Plan

A. **Distribution Date of Plan**: as to First Guaranty Mortgage Corporation, the contract monthly due date. As to all other classes, on the Plan Effective Date or the Plan Distribution Date.

B. **Treatment of Claims Under the Plan**:

## 1. Secured Claims (all liens retained)

| Creditor | CL. | Claim | Summary of Proposed Treatment |
|---|---|---|---|
| First Guaranty Mortgage Corp. | 1 | 325,000 | First Guaranty Mortgage Corporation ("FGMC") All terms of the FGMC loan agreement shall remain in full force and effect with the exception that Debtor shall pursuant to 11 U.S.C. Sec. 1124 cure any loan default which exists as of Plan Confirmation by not later than plan month 24 from the sale of the Residence. |
| CNH Ind. Capital | 2 | 23,000 | CNH Industrial Capital America LLC shall be paid 100% with interest at 3.5% in 72 monthly payments of commencing on the Plan Effective Date. |
| Wells Fargo Dealer Services | 3 | 21,188 | WFDS shall be paid 100% with interest at 3.99% in 72 monthly payments of commencing on the Plan Effective Date. |
| BB&T | 4 | 25,864 | BB&T shall be paid 100% with interest at 3.99% in 72 monthly payments of commencing on the Plan Effective Date. |
| Community Bank | 5 | 7,696 | Community Bank shall be paid 100% with interest at 4.45% in 72 monthly payments of commencing on the Plan Effective Date. |
| Marine One Acceptance | 6 | 40,528 | Marine One Acceptance Corporation shall be paid 100% within 60 days after the Plan Effective Date with interest at 5.0% from the sale of its collateral, a 2016 Lakota horse trailer. |
| Internal Revenue Service | 7 | 31,385 | The IRS will paid a 100% in 72 equal monthly payments commencing on the Plan Effective Date; provided, however, the net proceeds from the sale of the 2016 Lakota horse trailer after the payment of secured claim of Marine One Acceptance Corporation shall be paid to the IRS. The balance of the IRS's Class 7 claim shall be paid in full from the sale of the Residence which shall occur within 24 months after the Plan Effective Date. |
|  |  | 474,661 |  |

## 2. Priority Claims

| Name of Creditor * | Amount Owed | Type of Debt | Summary of Proposed Treatment |
|---|---|---|---|
| Gary Short | 30,000 | Legal fees | 100% by Plan Effective Date |
| Scott Lowden | 5,357 | Legal Fees | 100% by Plan Effective Date |
| UST Fees | 625 | Statutory fees | 100% by Plan Effective Date. |
| IRS | 415,492 | Income taxes | 100% with interest in 72 monthly payments starting on the Plan Effective Date. |
| PA Revenue | 31,231 | Income taxes | 100% with interest in 60 monthly payments starting on the Plan Effective Date. |
| Whitley Twp./Green S.D. | 6,172 | Income taxes | 100% with interest in 60 monthly payments starting on the Plan Effective Date. |
| TOTAL | 488,877 |  |  |

9

### 3. Non-Priority Unsecured Claims

| Name | Claim | Claim Source | Distribution | Percentage Distribution |
|---|---|---|---|---|
| Internal Revenue Service | 77,321.14 | PC | See F below | 35% or 100% |
| Amex | 3,741.00 | PC | See F below | 35% or 100% |
| Portfolio Recov. / Capital One Bank | 2,356.00 | PC | See F below | 35% or 100% |
| Mariner Finance | 3,057.00 | S | See F below | 35% or 100% |
| Merrick Bank | 2,358.00 | PC | See F below | 35% or 100% |
| Portfolio Recov. / Tractor Supply | 1,385.00 | PC | See F below | 35% or 100% |
| Verizon | 239.23 | PC | See F below | 35% or 100% |
| Penna. Dept. Revenue | 7,711.54 | PC | See F below | 35% or 100% |
| LVNV Funding / Arrow Financial | 279.45 | PC | See F below | 35% or 100% |
| Total | 98,448.36 | | | |

F.  **Will periodic payments be made to unsecured creditors?** Yes. Holders of Class 12 unsecured claims will be paid 35% of such claim on the Plan Distribution Date in full satisfaction of such claim provided Debtor has adequate resources on such date to complete payment. If not Class 12 claimants will be paid 100% without interest in 28 quarterly payments commencing 90 days after the Plan Confirmation. The first 24 quarterly payments shall be in the amount of 2% of such claims. The final 4 quarterly payment shall be in the amount 13% of such claims.

G.  **State source of funds for plan payments:** Current bank deposits, future earnings, sale of Residence, sale of a 2016 Lakota horse trailer, and sale of a 2015 Ford 250.

H.  **Other significant features of the plan:** Debtor will end his horse raising and sale business by December, 31, 2019. This business operated at a loss and was a drain on Debtor's pre-bankruptcy and post-bankruptcy resources.

## Section 9 - Comparison of Plan with Chapter 7 Liquidation

If Debtor's proposed plan is not confirmed, the potential alternatives would include a proposal of a different plan, if the Court so permitted, a dismissal of the case, or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtor's non-exempt assets. In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured claimants. Attached as **Exhibit "B"** is a Chapter 7 Liquidation Analysis which shows how Debtor's property would be distributed in a chapter 7.

Will the creditors fare better under the Plan than they would in a Chapter 7 liquidation. Yes. Under the Plan Class 12 creditors will be paid 100% in 84 quarterly payments. **In a chapter 7 Class 12 unsecured claimants would not receive any distribution.**

## Section 10 - Feasibility

A. Attached as Exhibit "C" is a monthly plan cash flow projection.

B. Attached as Exhibit "D" is a summary of Debtor's monthly operating reports from February, 2019 to May, 2019.

C. Attached as Exhibit "E" are selected pages from Debtor's 2017 federal tax return.

E. Attached as Exhibit "F" is a page from Debtor's checking account statement for June, 2019.

F. Amounts to be paid on the Plan Effective Date is $44,593.42. The basis of this estimate is:

```
4,006.34    Secured Clams
32,982.00   Administrative Class
 7,605.08   Priority tax claims
44,593.42   TOTAL
```

G. **What assumptions are made to justify the increase in cash available for the plan?**

1. Debtor will retain his contractor relationship with Newtech Engineering Energy, Inc.
2. Debtor's gross annual income will be approximately $284,000 per year.

H. **Will funds be available to pay administrative expenses in full on the plan effective date?**
Yes. From what source? Cash.

K. **Current Cash on Hand:** $24,882 *(see Exhibit "F") plus $22,000 held by Counsel in escrow.*

Estimated Cash on date of Plan Confirmation Date: $55,000.
Estimated cash on Plan Effective Date: $44,594.

## Section 11 - Management Salaries

| Position/Name of Person Holding Position | Salary at Time of Filing | Proposed Salary (Post-Confirmation) |
|---|---|---|
| Christopher. Shoffner | 284, 000 est. (2018) | $284,000 |

## Section 12 - Identify Effect on Plan Payments

A. **What, if any, Litigation is Pending?** None.

B. **What, if any, Litigation is Proposed or Contemplated?** Possible actions under 11 U.S.C. Sec. 506 to determine allowed secured claims against personalty of holders of claims in Classes 2, 3, 4, 5, and 6.

## Section 13 - Certification

I, Christopher C. Shoffner, certify that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry. Signature of counsel is required by the Court and is not a certification of the factual accuracy this document.

/s/ Christopher C. Shoffner

/s/ Gary W. Short

Gary W. Short, Esquire (PA Bar. No. 36794)
212 Windgap Road, Pittsburgh, PA 15237
Tele. (412) 765-0100 / Fax (412) 536-3977
E-mail garyshortlegal@gmail.com

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Christopher Chad Shoffner |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☒ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own Copy the value from Schedule A/B | Amount of the exemption you claim Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| 1969 Mount Morris Road Waynesburg, PA 15370 Greene County property aquired by deed date 2014. value determined by 2014 appraisal at time of purchase. Line from *Schedule A/B*: 1.1 | $390,000.00 | ☒ $23,675.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| normal household items summary available upon request Line from *Schedule A/B*: 6.1 | $7,500.00 | ☒ $7,500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| electronics Line from *Schedule A/B*: 7.1 | $5,000.00 | ☒ $5,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| firearms Line from *Schedule A/B*: 10.1 | $10,000.00 | ☒ $1,250.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| jewelry Line from *Schedule A/B*: 12.1 | $5,500.00 | ☒ $1,600.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(4) |

3. Are you claiming a homestead exemption of more than $160,375?
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☒ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
   
   ☐ No
   
   ☐ Yes

**Exhibit "A"**

## Exhibit "B"

## Chapter 7 Liquidation Analysis

| 1 | Residence | 400,000 |
|---|---|---|
| 2 | Chapter 7 Sale Expenses | |
| 3 | Broker fee (6%) and Transfer tax (1%) | 24,000 |
| 4 | Trustee Ch. 7 legal fees ($4,500) and sale expenses ($500) | 5,000 |
| 5 | Total expenses | 29,000 |
| 6 | Net from real estate sale | 371,000 |
| 7 | Less secured claims (FMGC $325,000; IRS $31,385) | 356,385 |
| 8 | Net from sale of real estate | 14,615 |
| 9 | Sale of Personal Property | 227,200 |
| 10 | 10% Broker fee for sale of personal property | 22,700 |
| 11 | Trustee Ch. 7 legal fees ($5,000) and sale expenses ($1,000) | 6,000 |
| 12 | Net from sale of personal property | 198,500 |
| 13 | Total net sale proceeds from real estate and personalty (lines 8 + 12) | 213,115 |
| 14 | Plus non-exempt cash (estimated) | 36,885 |
| 15 | Funds available non-secured claims (add lines 8, 12, and 13) | 250,000 |
| 16 | Less Debtor's exemption | -39,000 |
| 17 | Less Trustee Ch. 7 statutory trustee fees (see endnote 1) | -32,659 |
| 18 | Less Priority Claims | -485,877 |
| 19 | Funds Available for Unsecured Claims | 0 |
| 20 | Percentage Distribution for Class 12 unsecured claims | 0 |

End note 1

| | |
|---|---|
| Trustee Fee on $5,000 (25%) | 1,250 |
| Trustee Fee on $45,000 (10%) | 4,500 |
| Trustee Fee on $588,175 - $50,000 = $538,175 x 5% | 26,909 |
| Total Trustee Fee | 32,659 |

**Exhibit "B"**

Plan Payment Table shoffner 5

**PLAN MONTHLY CASH FLOW PROJECTION**

Exhibit "C"

| CLASS | Creditor | Debt | Int. Rate | TERM | Months 1-2 (2) | Months 3-24 (22) | Month 25 (1) | Months 26-60 (36) | Months 61-72 (12) | Months 73-84 (12) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Classified Claims | | | | | | | | | |
| 1 | First Guar. Mort. Co. (PC) | 300,693 | 4.75 | CT | 2,266.28 | 2,266.28 | 2,266.28 | 0.00 | 0.00 | 0.00 |
| 1 | First Guar. Mort. Co. (PC) | 70,152 | 0 | 24 | 0.00 | 0.00 | 71,152.00 | 0.00 | 0.00 | 0.00 |
| 2 | CNH Ind. Cap. America (PC) | 23,000 | 3.5 | 72 | 354.62 | 354.62 | 354.72 | 354.62 | 354.62 | 0.00 |
| 3 | Wells Fargo Bank (sell)(PC) | 21,188 | 3.99 | 72 | 331.39 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4 | BB&T (PC) | 25,864 | 4.45 | 72 | 409.97 | 409.97 | 409.97 | 409.97 | 409.97 | 0.00 |
| 5 | Community Bank(PC) | 7,696 | 5.0 | 72 | 123.94 | 123.94 | 123.94 | 123.94 | 123.94 | 0.00 |
| 6 | Marine1 Acceptance (PC) | 40,528 | 5.0 | 2 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 7 | IRS (secured)(PC) | 31,385 | 6.0 | 24 | 520.14 | 520.14 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8 | Gary Short (estimate) | 30,000 | 0 | 1 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8 | Scott Lowden (ORDER) | 5,357 | 0 | 1 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8 | USTE (estimate) | 625 | 0 | 1 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 9 | IRS (priority)(PC) | 415,492 | 6.0* | 72 | 6,885.90 | 6,885.90 | 6,885.90 | 6,885.90 | 6,885.90 | 0.00 |
| 10 | PA Revenue(priority)(PC) | 31,231 | 6.0 | 60 | 605.52 | 605.52 | 605.52 | 605.52 | 0.00 | 0.00 |
| 11 | Whitley Twp/ Green SD (PC) | 6,172 | 4.0 | 60 | 113.66 | 113.66 | 113.16 | 113.16 | 0.00 | 0.00 |
| 12 | N.P.U.C.(PC) | 98,449 | 0 | 84 | 656.33 | 656.33 | 656.33 | 656.33 | 656.33 | 4,266.12 |
| | Total | 1,107,832 | | | 12,267.75 | 11,936.36 | 82,567.82 | 9,149.44 | 8,430.76 | 4,266.12 |

Cl. 12 2% per quarter for 72 mo. (24 quarters - 48%) and 13.0% per quarter for 4 quarters (52%).
Plan date: September 6, 2019 Est. PCD 10/10/19.  Est. PED 11/10/19.  "PC" means proof of claim.

# EXHIBIT "D"

## Summary of Monthly Operating Reports for January to May, 2019

|  | January 2019 | February 2019 | March 2019 | April 2019 | May 2019 |
|---|---|---|---|---|---|
| **Income** | 21,892.00 | 33,954.00 | 28,240.00 | 33,576.00 | 23,576.00 |
|  |  |  |  |  |  |
| **Expenses** |  |  |  |  |  |
| Household (HH) | 4,956.04 | 10,562.61 | 3,158.83 | 2,192.11 | 11,850.43 |
| Auto (AE) | 482.52 | 9,575.03 | 8,557.04 | 872.95 | 1,944.01 |
| Insurance (I) | 200.00 | 0 | 1,096.90 | 1,096.90 | 1,096.90 |
| Professional (P) | 12,000.00 | 0 | 0 | 5,000.00 | 10,000.00 |
| Bank fees (BF) | 12.45 | 0 | 0 | 8.00 | 66.15 |
| Misc. (M) | 200.00 | 0 | 0 | 0 | 1,140.00 |
| Horse exp (HE) | 4,012.99 | 2,422.00 | 3,309.44 | 3,292.00 | 7,425.78 |
| Apt. Rent (R) | 3,200.00 | 0 | 0 | 1,675.00 | 0 |
| Utilities (U) | 510.97 | 962.73 | 1,262.98 | 0 | 0 |
| Bus. Expenses (BE) | 0 | 2,356.44 | 2,826.00 | 318.78 | 705.88 |
| Taxes | 0 | 0 | 173.20 | 0 | 0 |
| Medical | 0 | 0 | 1,284.00 | 450.00 | 0 |
|  | 0 | 0 | 0 | 0 | 0 |
| Total Expenses | 25,574.97 | 25,878.81 | 21,668.39 | 14,905.66 | 34,229.15 |
| Less Reorg. and Extraordinary Expenses | 12,000 | 0 | 0 | 5,000.00 | 10,000 |
| Adjusted Expenses | 13,574.97 | 25,878.10 | 21,668.39 | 9,905.66 | 24,229.15 |
|  |  |  |  |  |  |
| Income | 21,892.00 | 33,954.00 | 28,240.00 | 33,576.00 | 23,576.00 |
| Adjusted Expenses | 13,574.97 | 25,878.10) | 21,668.39 | 9,905.66 | 24,229.15 |
| Cash Flow | 8,317.03 | 8,166.90 | 6,571.61 | 23,703.40 | (653.15) |

**Exhibit "D"**

1199 11/30/2018 9:25 AM

| Form **1040** | Department of the Treasury—Internal Revenue Service (99) U.S. Individual Income Tax Return | **2017** | OMB No. 1545-0074 | IRS Use Only–Do not write or staple in this space. |

For the year Jan. 1–Dec. 31, 2017, or other tax year beginning _____, 2017, ending _____, 20 _____     See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| CHRISTOPHER C | SHOFFNER | ███-3819 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| ███ | ███-SHOFFNER | ███-2204 |

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.
1969 MT. MORRIS ROAD

• Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
WAYNESBURG    PA    15370

Presidential Election Campaign
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.
☐ You   ☐ Spouse

**Filing Status**
Check only one box.
1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. •
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. •
5 ☐ Qualifying widow(er) (see instructions)

**Exemptions**
6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a ..........
b ☒ Spouse ..........

Boxes checked on 6a and 6b  **2**

c Dependents:
(1) First name / Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qual. for child tax credit (see instr.)

If more than four dependents, see instructions and check here • ☐

No. of children on 6c who:
• lived with you ___
• did not live with you due to divorce or separation (see instructions) ___
Dependents on 6c not entered above ___
Add numbers on lines above •  **2**

d Total number of exemptions claimed ..........

**Income**
Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 294,035 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here • ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions _____ | b Taxable amount | 15b | |
| 16a | Pensions and annuities _____ | b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | -11,924 |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits _____ | b Taxable amount | 20b | |
| 21 | Other income. List type and amount | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your **total income** • | 22 | 282,111 |

**Adjusted Gross Income**

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | 11,664 |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid    b Recipient's SSN • _____ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | 11,664 |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** • | 37 | 270,447 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice    Form **1040** (2017)
DAA

Exhibit "E"

# First National Bank

**Statement Ending 07/01/2019**

4140 E. State Street
Hermitage, PA 16148

CHRISTOPHER SHOFFNER    Page 1 of 6
Primary Account Number: 7163

**ADDRESS SERVICE REQUESTED**

CHRISTOPHER SHOFFNER
185 RIDGE CUP RD
NEW RINGGOLD PA 17960-9073

### Managing Your Accounts

| | | |
|---|---|---|
| Online | www.fnb-online.com |
| By Phone | 1 800-555-5455 |
| By Mail | 4140 E. State Street Hermitage, PA 16148 |

## Summary of Accounts

| Account Type | Account Number | Balance This Statement |
|---|---|---|
| FREESTYLE CHECKING | 7163 | $24,882.03 |

# FREESTYLE CHECKING - 7163

## Account Summary

| Date | Description | Amount |
|---|---|---|
| 06/01/2019 | Balance Last Statement | $14,337.30 |
| | 1 Credit(s) This Period | $20,000.00 |
| | 56 Debit(s) This Period | $9,455.27 |
| 07/01/2019 | Balance This Statement | $24,882.03 |

## Account Activity

| Post Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 06/01/2019 | Balance Last Statement | | | $14,337.30 |
| 06/03/2019 | 269749 PIN PUR 06/02 18:12 LOWE'S #2566 LEHIGHTON PA 001 269749 ~5200 | $398.24 | | $13,939.06 |
| 06/03/2019 | 144687 PIN PUR 06/02 19:10 WAL-MART #2169 LEHIGHTON PA 24216901 144687 ~5411 | $189.60 | | $13,749.46 |
| 06/03/2019 | 9505 PIN PUR 06/03 07:59 LOWE'S #2566 LEHIGHTON PA 001 009505 ~5200 | $27.52 | | $13,721.94 |
| 06/04/2019 | 15938 PIN PUR 06/04 14:23 WAL-MART #2604 NEWTON NJ 26040006 223771 ~5310 | $120.98 | | $13,600.96 |
| 06/05/2019 | 823267 PIN PUR 06/05 17:43 BIG LOTS STORES LEHIGHTON PA 99999999 823267 ~5310 | $124.61 | | $13,476.35 |
| 06/05/2019 | CHECK # 101 | $650.00 | | $12,826.35 |
| 06/06/2019 | 81090 POS PUR 06/05 16:57 USPS.COM MOVER'S 800-238-3150 TN 10681090 081~9402 | $1.05 | | $12,825.30 |
| 06/06/2019 | 81108 POS PUR 06/05 17:04 USPS.COM MOVER'S 800-238-3150 TN 10681108 081~9402 | $1.05 | | $12,824.25 |
| 06/06/2019 | 602470 PIN PUR 06/05 18:31 Wal-Mart Super C LEHIGHTON PA 21690006 915640~5411 | $82.48 | | $12,741.77 |
| 06/10/2019 | 47533 RECURRING 06/06 22:17 VZWRLSS* BILL PAY 800-9220204 CA 36711802 0475~4814 | $230.32 | | $12,511.45 |
| 06/11/2019 | 77051 POS PUR 06/11 13:25 STARBUCKS 4PA31 SOMERSET PA 00000000 077051 ~5814 | $6.04 | | $12,505.41 |


Member FDIC
Equal Housing Lender

Exhibit "F"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 19-20034 CMB** |
| | ) | |
| **CHRISTOPHER C. SHOFFNER,** | ) | **CHAPTER 11** |
| | ) | |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

I, Gary W. Short, Esquire, do hereby certify that on September 6, 2019, a true and correct copy of the Debtor's Plan of Reorganization dated September 6, 2019, Summary of Plan, and Disclosure Statement related thereto were served by first class U.S. Mail, postage prepaid, on the parties listed below:

Office of the U. S. Trustee
Suite 970
1001 Liberty Avenue
Pittsburgh PA 15222

Christopher C. Shoffner
516 State Route 94S
Fredon NJ 07860

/s/ Gary W. Short
Gary W. Short, Esquire   (PA Bar I.D. No. 36794)
Counsel for the Debtor
212 Windgap Road, Pittsburgh, PA 15237
Tele. (412) 765-0100 / Fax (412) 536-3977
E-mailgaryshortlegal@gmail.com